IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PEACOCK JEWELERS, LLC, | ) | Case No. 3:23-bk-03951 |
| | ) | Chapter 7 |
| Debtor, | ) | Judge Walker |
| | ) | |
| ERICA R. JOHNSON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ad Pro Case No._____ |
| | ) | |
| PAUL WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER THE VALUE OF THOSE TRANSFERS**

Comes the Plaintiff, Erica R. Johnson, Chapter 7 Trustee herein ("Trustee"), by and through counsel, and respectfully alleges to this Court as follows:

**Jurisdiction, Venue, and Parties**

1. This adversary proceeding is brought under Rule 7001 of the Federal Rules of Bankruptcy Procedure to seek relief in accordance with 11 U.S.C. §§ 544, 547, 548, 549, 550, and 551.

2. This Court has jurisdiction over the subject matter under 28 U.S.C. § 1334. This is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. § 157(b)(2)(A), (E), and (H).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Erica R. Johnson is the court-appointed Chapter 7 trustee for the bankruptcy estate of Peacock Jewelers, LLC ("Debtor"). The Trustee is the plaintiff here because the action relates to the administration of Debtor's bankruptcy estate.

5. Paul Wilson is a Tennessee resident who can be served at 325 Eastside Road, Burns, TN 37209. As outlined in the Petition and Statements and Schedules filed on the petition date (Docket No. 1), Defendant Wilson is a 50% owner of the Debtor. Wilson is considered an "insider" by the definition contained in the Bankruptcy Code at 11 U.S.C. § 101(31)(B).

## FACTUAL BACKGROUND

6. Debtor filed a voluntary Chapter 11 petition for bankruptcy relief in this Court on October 27, 2023. Almost a year later, the case was converted to a Chapter 7 on September 18, 2024, the same day that Erica R. Johnson was appointed to serve as the Chapter 7 trustee.

7. Within the four-year period preceding the original Chapter 11 petition, Debtor made multiple payments to Defendant Wilson (the "Transfers").

8. Upon information and belief, at the time of the Transfers, Debtor was insolvent or became insolvent because of the Transfers, as its non-exempt assets were less than its liabilities.

9. Upon further information and belief, in support of her assertion that the Debtor was insolvent at the time of the Transfers, the Trustee states that the Debtor was charged thousands of dollars in overdraft and returned item fees from 2021 to the date of filing. Additionally, the Debtor was the subject of several garnishments by creditors and multiple levies by tax officials. The Trustee asserts that these fees and garnishment illustrate that the Debtor was insolvent for several years.

## COUNT 1
### Avoidance and Recovery of Fraudulent Transfers
### 11 U.S.C. §§ 548, 550 and 551

10. The Trustee incorporates and restates all prior allegations.

11. Pursuant to 11 U.S.C. § 548, the Trustee can avoid any transfer made by Debtor within two years of the commencement of the bankruptcy case if Debtor received less than reasonable equivalent value in exchange for the transfer and Debtor was insolvent or became insolvent because of the transfer. Debtor here received less than reasonable equivalent value from Wilson for the Transfers.

12. Furthermore, Debtor was insolvent on the date of the Transfers because its liabilities exceeded the equity value in any unencumbered, non-exempt assets in which Debtor had a sole ownership interest at that time.

13. Alternatively, the Transfers rendered Debtor insolvent because, after the Transfers, the value of Debtor's remaining unencumbered, non-exempt assets were insufficient to fully satisfy its outstanding liabilities.

14. The Trustee is entitled to avoid and recover back, on behalf of Debtor's estate, the Transfers under 11 U.S.C. § 548.

15. Pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back the avoided property or the value thereof against Wilson, and such avoidance is recovered for the benefit of the estate. The Trustee is further entitled to recover post-judgment interest on any recovery of the avoided property.

**COUNT 2**
**Avoidance and Recovery of Fraudulent State Transfers**
**11 U.S.C. §§ 544(b), 550 and 551**

16. The Trustee incorporates and restates all prior allegations.

17. The Trustee is entitled to avoid, and recover back, all such fraudulent transfers in the four years preceding the petition pursuant to, among other things, Tennessee's law against fraudulent conveyances, Tenn. Code Ann. § 66-3-101, *et seq.*, and Tennessee's codification of the

Uniform Fraudulent Transfers Act, Tenn. Code Ann. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b). The Trustee is further entitled to damages in an amount of all such fraudulent transfers, to be proven at trial, plus pre- and post-judgment interest, attorney's fees and the costs of this action.

**COUNT 3**
**Avoidance and Recovery of Post-Petition Transfers**
**11 U.S.C. §§ 549, 550 and 551**

18. The Trustee incorporates and restates all prior allegations.

19. Following the petition date, the Debtor caused several transfers to be made to Capital One and Discover.

20. These post-petition transfers are property of the bankruptcy estate.

21. The Debtor received no value or benefit for the post-petition transfers.

22. These post-petition transfers were not authorized by the Bankruptcy Code or by any order of this Court.

23. Pursuant to 11 U.S.C. § 549, the Trustee may recover post-petition transfers made by the Debtor that was not authorized by the Bankruptcy Code or an order of this Court.

**COUNT 4**
**Avoidance and Recovery of Preferential Transfers to Insider**
**11 U.S.C. §§ 547, 550 and 551**

24. The Trustee incorporates and restates all prior allegations.

25. Pursuant to 11 U.S.C. § 547, the Trustee may recover transfers made to or for the benefit of a creditor, on account of antecedent debt owed by the Debtor, and made while the Debtor was insolvent.

26. For transfers made to an insider, as Wilson is classified pursuant to the Bankruptcy Code, the Trustee may recover transfers made up to one (1) year prior to the petition date.

27. A portion of the Transfers to Wilson occurred within one (1) year of the petition date.

28. These Transfers enabled Wilson to receive more than he would have received if (i) this Case were a case under chapter 7 of the Bankruptcy Code, (ii) the transfers had not been made to Wilson, and (iii) Wilson received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

29. Because of that, pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back from Wilson the avoided property or the value thereof ($201,820.73), and such avoidance is recovered for the benefit of the estate. The Trustee is further entitled to recover post-judgment interest on any recovery of the avoided property.

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that this Court:

A. Enter an order avoiding the Transfers and finding that such avoided transfers are preserved for the benefit of Debtor's bankruptcy estate, pursuant to 11 U.S.C. §§ 544, 547, 548, and 549.

B. Further order that that the Trustee may recover the Transfers or the value ($201,820.73) of the Transfers from Wilson, pursuant to 11 U.S.C. §§ 550 and 551.

C. Grant a judgment in favor of the Trustee, and the bankruptcy estate, against Wilson for the amount received in the Transfers, along with post-judgment interest.

D. Grant such other and further relief as may be just and proper.

Dated October 24, 2025.

Respectfully Submitted,

/s/ Justin T. Campbell
Justin T. Campbell (TBR 31056)
Trent Meriwether (TBR 38577)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
615.465.6015
justin@thompsonburton.com
tmeriwether@thompsonburton.com

*Counsel for Ch. 7 Trustee*